UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

STEPHENS PRODUCTION COMPANY     CIVIL ACTION NO. 15-167

VERSUS     JUDGE ELIZABETH FOOTE

WILDHORSE RESOURCES II, LLC     MAGISTRATE JUDGE HORNSBY

---

## MEMORANDUM RULING

Before the Court is a motion to dismiss the Plaintiff's claims by the Defendant, Wildhorse Resources II, LLC ("Wildhorse").[1] The Plaintiff, Stephens Production Company ("Stephens"), has not filed an opposition to the motion to dismiss. For the reasons that follow, Wildhorse's motion to dismiss shall be **GRANTED**, and Stephens's claims are **DISMISSED WITHOUT PREJUDICE.**

### I. Factual Background

This lawsuit arises out of a breach of contract claim between Stephens and Wildhorse.[2] Stephens filed suit on January 27, 2015, seeking a declaratory judgment for performance of the contract or, in the alternative, seeking damages for a breach of contract claim.[3] Stephens asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. On May 8, 2015, Wildhorse filed the instant motion to dismiss for lack

---

[1] Record Document 15.

[2] Record Document 1.

[3] Id.

of subject matter jurisdiction, alleging that complete diversity between the parties does not exist.[4] Stephens has not filed an opposition to the instant motion to dismiss.

## II. Law and Analysis

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court is free to weigh the evidence and resolve factual disputes. Krim v. PcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction has the burden of proving that it exists. Wolcott v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011).

Stephens stated in its complaint that it is a citizen of Arkansas because it is a corporation organized under the laws of the State of Arkansas and has its principal place of business in the state.[5] Stephens argued that there was diversity of citizenship between itself and Wildhorse because Wildhorse is a limited liability company ("LLC") organized under the laws of the State of Texas and whose members are all citizens of Texas.[6] However, Wildhorse argues in the instant motion that one of the members of its LLC is a citizen of Arkansas, and therefore, there is no diversity of citizenship.

For the purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). When an LLC has a member which is also an LCC, the citizenship of the member LLC must be traced through however many layers of partners and members there may be. Zambelli Fireworks Mfg. Co., Inc. v. Wood., 592 F.3d 412, 420 (3rd Cir. 2010);

---

[4]Record Document 15.

[5]Record Document 1.

[6]Id.

Mullins v. Test America, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009)(suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); Fester v. Grey Wolf Drilling Co., 2007 WL 3146363, *1 (W.D. La. October 25, 2007)("citizenship must be traced through however many layers of members or partners there may be.").

In the present case, Wildhorse is an LLC comprised of ten members.[7] One of its members is NGP X US Holdings, L.P., which is composed of two limited partners and one general partner.[8] The general partner is named NGP X Holdings GO, L.L.C., an LLC that has one member named NGP Natural Resources X, L.P.[9] NGP Natural Resources X, L.P. is made up of one general partner and more than three hundred limited partners.[10] One of its limited partners is the Trust Fund of the Arkansas Teacher Retirement System (the "Trust Fund").[11]

The Arkansas Teacher Retirement System provides retirement benefits to Arkansas's public school and education employees.[12] The Trust Fund consists of the assets of the Arkansas Teacher Retirement System, and the Board of Trustees of the Arkansas Teacher

---

[7]Record Document 15-3, Ex. A.

[8]Id. at Ex. B.

[9]Id.

[10]Id.

[11]Id.

[12]Record Document 15-2, p. 3.

Page 3

Retirement System are the trustees of the Trust Fund.[13] A trust fund is an unincorporated association. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461, 100 S. Ct. 1779, 1782 (1980). A trust fund's citizenship for the purposes of diversity jurisdiction is based upon the citizenship of its trustees. Id. at 465. The trustees of the Trust Fund include people who are citizens of Arkansas.[14]

Considering the above and the fact that Stephens has not presented any evidence or arguments in opposition, the Court finds that Wildhorse is a citizen of Arkansas. Therefore, the Court holds that there is not complete diversity amongst the parties and that this Court lacks subject matter jurisdiction over this action.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant Wildhorse's Motion To Dismiss [Record Document 15 ] be and is hereby **GRANTED. IT IS FURTHER ORDERED** that all claims by the Plaintiff against the Defendant are **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** on this 17th day of July, 2015.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE

---

[13] Id.

[14] Record Document 15-3.